# EXHIBIT B

**455th District Court**

# Case Summary

### Case No. D-1-GN-22-003961

| | | |
|---|---|---|
| **MICHAEL ALLEN vs. FEDEX GROUD PACKAGE SYSTEM, INC** | § | Location |
| | § | **455th District Court** |
| | § | Judicial Officer |
| | § | **455TH, DISTRICT COURT** |
| | § | Filed on |
| | § | **08/24/2022** |

---

## Case Information

Case Type: Discrimination

Case Status: **08/24/2022 Open**

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | D-1-GN-22-003961 |
| Court | 455th District Court |
| Date Assigned | 08/24/2022 |
| Judicial Officer | 455TH, DISTRICT COURT |

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **ALLEN, MICHAEL** | **MELTON, JOHN FOSTER** *Retained* |
| **Defendant** | **FEDEX GROUD PACKAGE SYSTEM, INC** | **Gagnon, Joseph William** *Retained* |

---

## Case Events

08/24/2022     ORIGINAL PETITION/APPLICATION (OCA)
               *PLAINTIFF S ORIGINAL PETITION*
               Party:   Plaintiff ALLEN, MICHAEL

09/29/2022     PLEADING
               *PLAINTIFF'S AMENDED PETITION*
               Party:   Plaintiff ALLEN, MICHAEL

10/21/2022     ANSWER
               *DEFENDANT S ORIGINAL ANSWER*
               Party:   Defendant FEDEX GROUD PACKAGE SYSTEM, INC

---

## Service Events

---

08/30/2022     **Citation**

**EXHIBIT B**

**INDEX OF DOCUMENTS FILED IN STATE COURT**

| | DOCUMENT | DATE FILED |
|---|---|---|
| | | |
| B.1 | Plaintiff's Original Petition | 8.24.2022 |
| B.2 | Plaintiff's Amended Petition | 9.29.2022 |
| B.3 | Defendant's Original Answer | 10.21.2022 |

# EXHIBIT B.1

8/24/2022 4:38 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-003961
Ruben Tamez

D-1-GN-22-003961

CAUSE NO.: _____

| | | |
|---|---|---|
| MICHAEL ALLEN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 455TH, DISTRICT COURT |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| FEDEX | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Michael Allen, and files this Original Petition complaining of Defendant FedEx and for cause of action would show the Court the following:

## I.

## DISCOVERY

1.1    Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

## II.

## THE PARTIES

2.1    Plaintiff is an individual who can be contacted through counsel.

2.2    Defendant FedEx Corporation is an entity that may be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2    Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3    All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1    Plaintiff worked for Defendant for 12 years prior to his termination in June, 2021. Plaintiff had a strong performance/track record and multiple promotions during his time with FedEx. Plaintiff was given no explanation for his termination

4.2    Since Plaintiff's termination he has been told by multiple current employees that they had heard comments from two managers calling Plaintiff "old" behind his back and that Plaintiff "could not retain information" An independent contractor that worked with FedEx said he had heard similar comments.

## V.

## CAUSES OF ACTION

5.1    The allegations contained in Paragraph 4.1-4.2 are hereby incorporated by reference for all causes of action. Plaintiff is not seeking any relief pursuant to any federal laws of the United States, but rather is seeking relief pursuant to the Texas Labor Code.

### Age Discrimination

5.2    The conduct of Defendant towards Plaintiff, through their agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes age discrimination, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or

tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his age. There is no legitimate non-discriminatory reason for Defendant' actions, and if such a reason is propounded, it is a pretext. Plaintiff's age was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against her. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VI.

## DAMAGES

6.1    As a result of Defendant' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant have intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1     Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

## JURY DEMAND

10.1    Plaintiff demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee with the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.      Judgment against Defendant for all damages alleged in this petition;

2.      Interest before and after judgment at the highest rate provided by law, until paid;

3.      Costs of suit;

4.      Reasonable and necessary attorneys' fees and expert witness fees;

5.      Injunctive and declaratory relief; and

6.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B-225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ *John F. Melton*
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 67634536
Status as of 8/29/2022 4:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 8/24/2022 4:38:38 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 8/24/2022 4:38:38 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 8/24/2022 4:38:38 PM | SENT |

# EXHIBIT B.2

9/29/2022 4:00 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-003961
Adrian Rodriguez

CAUSE NO.: D-1-GN-22-003961

| | | |
|---|---|---|
| MICHAEL ALLEN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 455TH JUDICIAL DISTRICT |
| | § | |
| FEDEX GROUND PACKAGE | § | |
| SYSTEM, INC. | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Michael Allen, and files this Amended Petition complaining of Defendant FedEx Ground Package System, Inc., and for cause of action would show the Court the following:

## I.

## DISCOVERY

1.1    Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

## II.

## THE PARTIES

2.1    Plaintiff is an individual who can be contacted through counsel.

2.2    Defendant FedEx Ground Package System, Inc., is the correct Defendant in this suit, and counsel Amy Allen has agreed to accept service of this lawsuit.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for

this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2    Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3    All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1    Plaintiff worked for Defendant for 12 years prior to his termination in June, 2021.  Plaintiff had a strong performance/track record and multiple promotions during his time with FedEx.  Plaintiff was given no explanation for his termination

4.2    Since Plaintiff's termination he has been told by multiple current employees that they had heard comments from two managers calling Plaintiff "old" behind his back and that Plaintiff "could not retain information" An independent contractor that worked with FedEx said he had heard similar comments.

## V.

## CAUSES OF ACTION

5.1    The allegations contained in Paragraph 4.1-4.2 are hereby incorporated  by reference for all causes of action. Plaintiff is not seeking any relief pursuant to any federal laws of the United States, but rather is seeking relief pursuant to the Texas Labor Code.

### Age Discrimination

5.2    The conduct of Defendant towards Plaintiff, through their agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes age discrimination, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

"An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his age. There is no legitimate non-discriminatory reason for Defendant' actions, and if such a reason is propounded, it is a pretext. Plaintiff's age was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against her. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VI.

## DAMAGES

6.1    As a result of Defendant' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant have intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury

to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

### ATTORNEYS' FEES AND EXPERT FEES

8.1    A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

### PUNITIVE DAMAGES

9.1    Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

### JURY DEMAND

10.1    Plaintiff demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee with the filing of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.    Judgment against Defendant for all damages alleged in this petition;

2.    Interest before and after judgment at the highest rate provided by law, until paid;

3.    Costs of suit;

4.    Reasonable and necessary attorneys' fees and expert witness fees;

5.    Injunctive and declaratory relief; and

6.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B-225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile

/s/ *John F. Melton*
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the Defendant in compliance with Rule 21a, Texas Rules of Civil Procedure, on this 29th day of September, 2022, as follows:

email:  amy.allen2@fedex.com
Amy L. Allen
 Lead Counsel, Litigation
FedEx Ground Package System, Inc.
1000 FedEx Drive
Moon Township, PA 15108

*/s/ John F. Melton*
John F. Melton

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 68756090
Status as of 10/7/2022 5:34 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy L.Allen | | amy.allen2@fedex.com | 9/29/2022 4:00:26 PM | SENT |
| Paige Densman | | paige@jfmeltonlaw.com | 9/29/2022 4:00:26 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 9/29/2022 4:00:26 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 9/29/2022 4:00:26 PM | SENT |

# EXHIBIT B.3

10/21/2022 9:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-003961
Gilberto Diaz-Rios

## NO. D-1-GN-22-003961

| | | |
|---|---|---|
| **MICHAEL ALLEN,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **OF TRAVIS COUNTY, TEXAS** |
| | § | |
| **FEDEX GROUND PACKAGE SYSTEM,** | § | |
| **INC.** | § | |
| *Defendant.* | § | |
| | § | **455th JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, FedEx Ground Package System, Inc. ("FedEx Ground" or "Defendant") files this Original Answer to the Amended Petition filed by Plaintiff, Michael Allen ("Mr. Allen" or "Plaintiff"), and respectfully shows as follows:

### GENERAL DENIAL

Subject to any stipulations and defenses as hereafter may be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure. Defendant demands that Plaintiff be required to prove his charges and allegations against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend its Answer to assert additional defenses as they may become known during discovery, Defendant asserts the following defenses and/or affirmative defenses:

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because Defendant's actions were based on legitimate, non-discriminatory reasons that had nothing to do with age or any another other protected classification.

3.      Defendant has engaged in no act, practice, policy, custom, or usage which has denied, abridged, withheld, limited or otherwise interfered with Plaintiff's rights because of age or any another other protected classification.

4.      Plaintiff's claims are barred to the extent that he failed to timely and properly exhaust administrative remedies and/or statutory prerequisites.

5.      Plaintiff's claims are barred to the extent that any of the acts complained of occurred outside of the applicable statute(s) of limitations.

6.      Pleading solely in the alternative, even if any decision regarding Plaintiff was based in part upon age or any other impermissible factor, which it was not, Defendant would have reached the same decision in any event.

7.      To the extent that any distinctions were made between Plaintiff and any other employee, all such distinctions were based upon legitimate, non-discriminatory, non-retaliatory factors other than age or any another other protected classification.

8.      To the extent that Plaintiff has failed to mitigate his alleged damages, if any, such damages should be reduced because of that failure.

9.      All after-acquired evidence of wrongdoing by Plaintiff that would have resulted in the termination of his employment operates to bar relief, in whole or in part, for any alleged wrongdoing by Defendant in this case.

10.     Plaintiff is barred from recovery of exemplary damages in the absence of proving malice by clear and convincing evidence.

11.     Plaintiff's claim for exemplary damages is subject to the caps and limitations of Chapter 21 of the Texas Labor Code and Chapter 41 of the Texas Civil Practice and Remedies Code.

12.     Any award of exemplary damages is subject to and may be limited by applicable statutes and/or the constitutions of Texas and of the United States.

13.     There is diversity of citizenship as defined by 28 U.S. Code §1332 (a)(1). Consequently, the instant Amended Petition is subject to removal and to the jurisdiction of the United States District Court for the Western District of Texas, Austin Division pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, the Defendant respectfully submits that Plaintiff is not entitled to any relief based on the pleadings filed, the matter should be dismissed and the Plaintiff should take nothing, and the Defendant should have and recover any relief, at law and in equity, to which it is entitled.

Respectfully submitted,

Joseph W. Gagnon
Attorney in Charge
Texas Bar No. 00787507
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, TX  77002
Tel:  (713) 292-0150
Fax:  (713) 292-0151
**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 21st day of October, 2022, caused a true and correct copy of the foregoing instrument to be filed with the District Clerk of Travis County, Texas and served by electronic service, certified mail, return receipt requested, facsimile, and/or electronic mail on all counsel of record to the following address:

John F. Melton,
Michael W. Balcezak
THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Highway, Suite B-225
Austin, Texas 78746


**JOSEPH W. GAGNON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pamela Murders-Shugart on behalf of Joseph Gagnon
Bar No. 00787507
pmurders-shugart@fisherphillips.com
Envelope ID: 69442996
Status as of 10/22/2022 8:36 AM CST

Associated Case Party: FEDEX GROUD PACKAGE SYSTEM, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pamela Murders-Shugart | | pmurders-shugart@fisherphillips.com | 10/21/2022 9:48:01 AM | SENT |
| Joseph W.Gagnon | | jgagnon@fisherphillips.com | 10/21/2022 9:48:01 AM | SENT |
| Donna Dusek | | ddusek@fisherphillips.com | 10/21/2022 9:48:01 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Paige Densman | | paige@jfmeltonlaw.com | 10/21/2022 9:48:01 AM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 10/21/2022 9:48:01 AM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 10/21/2022 9:48:01 AM | SENT |
| Amy L.Allen | | amy.allen2@fedex.com | 10/21/2022 9:48:01 AM | SENT |